Kevin S. Sinclair, Esq., Nevada Bar No. 12277
 *ksinclair@earlysullivan.com*
Sophia S. Lau, Esq., Nevada Bar No. 13365
 *slau@earlysullivan.com*
EARLY SULLIVAN WRIGHT
 GIZER & McRAE LLP
8716 Spanish Ridge Avenue, Suite 105
Las Vegas, Nevada 89148
Telephone: (702) 331-7593
Facsimile: (702) 331-1652

Stephen Y. Ma, Esq., *admitted pro hac vice*
 *sma@earlysullivan.com*
EARLY SULLIVAN WRIGHT
 GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for Defendant
COMMONWEALTH LAND TITLE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>COMMONWEALTH LAND TITLE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 2:18-cv-02023-GMN-BNW<br><br>**STIPULATION AND PROPOSED ORDER TO STAY CASE PENDING APPEAL** |

Plaintiff Wilmington Trust, National Association, not in its individual capacity but as Trustee of ARLP Securitization Trust, Series 2014-2 ("Bank") and defendant Commonwealth Land Title Insurance Company ("Insurer") (collectively, the "Parties"), by and through their undersigned counsel, stipulate and agree as follows, subject to the approval of the District Court:

**WHEREAS**, there are now currently pending in the United States District Court for the District of Nevada more than three dozen actions between national banks, on the one hand, and their title insurers, on the other hand (the "Actions");

**WHEREAS**, each of the Actions involves a title insurance coverage dispute wherein the



527683.1

1  national bank contends, and the title insurer disputes, that a title insurance claim involving an

2  HOA assessment lien and subsequent sale was covered by a policy of title insurance;

3      **WHEREAS**, in virtually all of these Actions, the title insurer underwrote an ALTA 1992

4  loan policy of title insurance with form 1 coverage, along with the CLTA 100/ALTA 9

5  Endorsement and either the CLTA 115.1/ALTA 4 Endorsement or the CLTA 115.2/ALTA 5

6  Endorsement (the "Form Policy");

7      **WHEREAS**, each of the Actions implicates common questions of interpretation of the

8  Form Policy;

9      **WHEREAS**, the national bank in one of these actions has now appealed a judgment of

10 dismissal to the Ninth Circuit Court of Appeals, *Wells Fargo Bank, N.A. v. Fidelity National Title*

11 *Ins. Co.*, Ninth Cir. Case No. 19-17332 (District Court Case No. 3:19-cv-00241-MMD-WGC)

12 (the "*Wells Fargo II* Appeal");

13     **WHEREAS**, the Parties anticipate that the Ninth Circuit Court of Appeals' decision in the

14 *Wells Fargo II* Appeal will likely touch upon issues regarding the interpretation of the Form

15 Policy and the reasonableness of the insurer's denial, that could potentially affect the disposition

16 of the other Actions, including the instant action;

17     **WHEREAS**, Insurer previously moved to stay the instant action pending the disposition

18 of the *Wells Fargo II* Appeal (the "Motion to Stay");

19     **WHEREAS** both of the Parties intend that the instant Stipulation is to withdraw and

20 replace the previously filed Motion to Stay;

21     **WHEREAS** both of the Parties agree that it is appropriate and desirous to stay the instant

22 action pending the disposition of the *Wells Fargo II* Appeal, that a stay of the instant action will

23 not prejudice either of the Parties, and that a stay of the instant action will best serve the interests

24 of judicial economy (given the possibility that the Ninth Circuit Court of Appeals' decision on the

25 *Wells Fargo II* Appeal might affect the disposition of this case);

26     **NOW THEREFORE**, the Parties, by and through their undersigned counsel, hereby

27 stipulate and agree as follows:

28     1.  The instant action shall immediately be **STAYED**, pending the disposition of the



527683.1

2
**STIPULATION AND PROPOSED ORDER**

*Wells Fargo II* Appeal.

2. The scheduling order previously entered in this action is hereby **VACATED**.

3. Each of the Parties shall be excused from responding to any now-outstanding discovery requests propounded by the other until after the stay is lifted.

4. Any now-pending deadlines to file responses to, or replies in support of, any outstanding motions are hereby **VACATED**.

5. By entering into this stipulation, neither of the Parties is waiving its right to subsequently move the Court for an order lifting the stay in this action.

Dated this 11th day of December 2019    EARLY SULLIVAN WRIGHT GIZER & McRAE LLP

*/s/--Kevin S. Sinclair*

By: _____
Kevin S. Sinclair, Esq.
Nevada Bar No. 12277
Sophia S. Lau, Esq.
Nevada Bar No. 13365
8716 Spanish Ridge Avenue, Suite 105
Las Vegas, Nevada 89148

Attorneys for Defendant Commonwealth Land Title Insurance Company

Dated this 11th day of December 2019    WRIGHT, FINLAY & ZAK, LLP

**ORDER**

*/s/--Lindsay D. Robbins*

**IT IS SO ORDERED.**

By: _____
Matthew S. Carter, Esq.
Nevada Bar No. 9524
Lindsay D. Robbins, Esq.
Nevada Bar No. 13474
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration, (ECF No. 39), and Defendant's Motion to Stay, (ECF No. 45), are DISMISSED as moot.

**IT IS FURTHER ORDERED** that the parties shall file a joint status report every ninety days, beginning on March 9, 2020, addressing the status of the *Wells Fargo II* Appeal.

Attorneys for Plaintiff Wilmington Trust, National Association, not in its individual capacity but as Trustee of ARLP Securitization Trust, Series 2014

Dated this  12   day of December, 2019.



_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

3
**STIPULATION AND PROPOSED ORDER**

527683.1