1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

4

5

WILMINGTON TRUST, NATIONAL
ASSOCIATION,

6

7                        Plaintiff,

         vs.

8

9

COMMONWEALTH LAND TITLE
INSURANCE COMPANY,

10

                    Defendant.

11

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 2:18-cv-02023-GMN-BNW

**ORDER**

12          Pending before the Court is the Motion to Extend Stay, (ECF No. 60), filed by

13    Defendant Commonwealth Land Title Insurance Company ("Defendant").  Plaintiff

14    Wilmington Trust, National Association ("Plaintiff") filed a Response, (ECF No. 62), and

15    Defendant filed a Reply, (ECF No. 64).

16          Also pending before the Court is Plaintiff's Countermotion to Lift Stay, (ECF No. 63).

17    Defendant filed a Response, (ECF No. 65), and Plaintiff filed a Reply, (ECF No. 66).

18          For the reasons discussed herein, the Court **GRANTS** Defendant's Motion to Extend

19    Stay, and **DENIES** Plaintiff's Motion to Lift Stay.

20          This case arises out of the numerous and long-standing HOA foreclosure actions

21    prevalent in Nevada.  Currently at issue in these types of cases is whether a title insurance

22    claim involving an HOA assessment lien, and subsequent foreclosure sale, was covered by the

23    corresponding title insurance policy. (Order 1:27–2:2, ECF No. 50).  The parties dispute how to

24    interpret the standard form language in the 1992 American Land Title Association ("ALTA")

25    loan policy of title insurance and the California Land Title Association ("CLTA") 100/ALTA 9

1    endorsement. (Mot. Extend Stay 3:22–4:3, ECF No. 60).  In 2019, the Court granted a stay in

2    many of the title insurance cases, including this one, pending the Ninth Circuit's resolution of

3    *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. Case No. 19-17332 (Dist.

4    Ct. Case No. 3:19-cv-00241-MMD-WGC) (the "*Wells Fargo II* Appeal"), which the parties

5    anticipated would interpret the "cookie cutter" policy language at issue in the 1992 ALTA loan

6    policy and the CLTA 100/ALTA 9 endorsement. (*See* Stipulation 2:13–16, ECF No. 49); (Mot.

7    Extend Stay 3:22–4:3).  However, the *Wells Fargo II* Appeal concluded without reaching the

8    policy interpretation issue. (*See* Memorandum/Opinion of USCA, *Wells Fargo Bank, N.A. v.*

9    *Fidelity National Title Insurance Company*, Case No. 3:19-cv-00241-MMD-CSD (D. Nev.

10   2019), ECF No. 17) (vacating and remanding the district court's order granting a motion to

11   dismiss without leave to amend).  Defendant now claims that *PennyMac Corp. v. Westcor Land*

12   *Title Ins. Co.,* Nev. Sup. Ct. Case No. 83737 (Eighth Judicial District Case No. A-18-781257-

13   C) (the "*PennyMac* Appeal"), which is currently pending in the Nevada Supreme Court, will

14   shed light on the policy language because it also concerns the 1992 ALTA loan policy and the

15   CLTA 100/ALTA 9 endorsement. (Mot. Extend Stay 3:13–21). *See also PennyMac Corp. v.*

16   *Westcor Land Title Ins. Co.,* No. A-18-781257-C, 2021 WL 5492852, at *9–15, 21 (Nev. Dist.

17   Ct. Oct. 22, 2021).

18        A district court's power to stay a proceeding is "incidental to the power inherent in every

19   court" to manage its docket and promote the efficient use of judicial resources. *Landis v. North*

20   *American Co.*, 299 U.S. 248, 254 (1936).  However, "[o]nly in rare circumstances will a litigant

21   in one cause be compelled to stand aside while a litigant in another settles the rule of law that

22   will define the rights of both," and a party seeking such a stay must "make out a clear case of

23   hardship or inequity in being required to go forward, if there is even a fair possibility that the

24   stay for which he prays will work damage to someone else." *Id.*  In considering whether a

25   "*Landis Stay*" is warranted, the Court weighs "the competing interests which will be affected

by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).  Those competing interests are: (1) the possible damage which may result from a stay, (2) hardships or inequities a party may suffer if required to go forward, and (3) the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" which could be expected to result from a stay. *Id.*

Here, the Court finds that the benefits of continuing the stay outweigh any possible hardships of lifting it.  After a review of the issues at stake in the *Wells Fargo II* Appeal, the *PennyMac* Appeal, and this case, it appears to the Court that the *PennyMac* Appeal may provide the exact interpretation of the 1992 ALTA loan policy and the CLTA 100/ALTA 9 endorsement that the parties originally sought from the *Wells Fargo II* Appeal.  The parties themselves agreed that waiting for these interpretations from the *Wells Fargo II* Appeal "will not prejudice either of the Parties, and that a stay of the instant action will best serve the interests of judicial economy (given the possibility that the Ninth Circuit Court of Appeals' decision on the *Wells Fargo II* Appeal might affect the disposition of this case)." (Stipulation 2:22–25).  The Court finds no reason why waiting for the same interpretations from the *PennyMac* Appeal would now cause prejudice or fail to serve the interests of judicial economy, especially when considering that Plaintiff has not identified any hardship, other than the passage of time, that it will suffer by continuing the stay.  Therefore, the "orderly course of justice" in this matter is best served by continuing the stay while the Nevada Supreme Court considers the *PennyMac* Appeal.  *Lockyer*, 398 F.3d at 1110.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Extend Stay, (ECF No. 60), is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Countermotion to Lift Stay, (ECF No. 63), is **DENIED.**

1   **IT IS FURTHER ORDERED** that the parties shall file a Joint Status Report every 90

2   days, beginning on March 13, 2023, addressing the status of the *PennyMac* Appeal.

3   **DATED** this __13__ day of January, 2023.

4

5   _____

6   Gloria M. Navarro, District Judge
    United States District Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25